**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MERRILL PRIMACK,<br>on behalf of plaintiff and a class,<br><br>Plaintiff,<br><br>vs.<br><br>MONITRONICS INTERNATIONAL,<br>INC., LISA HADDAD d/b/a CCA<br>SERVICES LLC,<br>ALARMILLINOIS.COM and<br>ALARMINDIANA.COM, and<br>DOES 1-10,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.      Plaintiff Merrill Primack brings this action to secure redress for the placement of illegal telemarketing calls to his phone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA").

### JURISDICTION AND VENUE

2.      This Court has jurisdiction under 28 U.S.C. §1331. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).

3.      Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

   a.      Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

   b.      Have transacted or done business in Illinois.

4.      Venue in this District is proper for the same reason.

### PARTIES

5.      Plaintiff Merrill Primack is a resident of the Northern District of Illinois.

1

6.     Defendant Monitronics International, Inc. is a Texas corporation which does business in Illinois.  Its principal offices are at 2350 Valley View Lane, Suite 100, Dallas, Texas. Its registered agent and office is CT Corporation Services, 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

7.     Defendant Lisa Haddad conducts business as CCA Services, AlarmIllinois.com and AlarmIndiana.com using the address 9242 S. Greenwood, Tinley Park, IL 60487.

8.     Defendants Does 1-10 are other persons responsible for the calls complained of.

9.     Each defendant is jointly and severally liable for the conduct complained of herein.

### FACTS

10.     On September 26, 2013, plaintiff received a telemarketing call consisting of a recorded message on his home phone.

11.     The recorded message invited plaintiff to press a key for further information.  He did so, and a live person came on the line and attempted to sell him services of "AlarmIllinois.com."

12.     AlarmIllinois.com and AlarmIndiana.com are names used by defendant Lisa Haddad d/b/a CCA Services LLC using the address 9242 S. Greenwood, Tinley Park, IL 60487. (Exhibit A)

13.     Plaintiff had previously received several other calls from the same source.

14.     AlarmIllinois.com is an authorized Monitronics dealer.

15.     Monitronics is a leading provider of monitoring services for residential and commercial electronic security and alarm equipment.

16.     Defendants jointly work to promote the sale of their goods and services.

17.     Through a course of dealing, Monitronics has authorized AlarmIllinois.com to engage in advertising, marketing and signing up consumers for services to be provided by Monitronics.

2

18.     Monitronics has been on notice that its authorized dealers were obtaining business for it in violation of the Telephone Consumer Protection Act since no later than June 2011, when Monitronics removed a case in which it was sued for such violations.  *Mey v. Monitronics International*, 5:11cv90 (N.D.W.Va.).

19.     Monitronics continued accepting business generated by dealers such as AlarmIllinois.com through telemarketing practices that violate the TCPA.

20.     Monitronics and its dealers participate in a joint venture, sharing its costs and profits.

21.     Defendants either negligently or wilfully violated the rights of plaintiff and other recipients in placing the calls.

22.     Plaintiff suffered damages as a result of receipt of the calls.  Furthermore, plaintiff's statutory right of privacy was invaded.

23.     Plaintiff is entitled to statutory damages.

24.     Defendants violated the TCPA even if their actions were only negligent.

25.     Defendants should be enjoined from committing similar violations in the future.

## <u>COUNT I – TCPA</u>

26.     Plaintiff incorporates paragraphs 1-25.

27.     The TCPA provides, at 47 U.S.C. §227(b):

**Restrictions on use of automated telephone equipment**

**(1) Prohibitions**

**It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States--**

>    **(B) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission under paragraph (2)(B);directs the Federal Communications Commission, 47 U.S.C. §227(c), . . .**

28.     Plaintiff had not consented to defendants' communications.

29. The TCPA provides, 47 U.S.C. §227(b)(3) provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State-**

**(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

**(B) an action to recover for actual monetary loss from such a violation, or to receive $ 500 in damages for each such violation, whichever is greater, or**

**(C) both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

## CLASS ALLEGATIONS

30. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a

class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this

action (28 U.S.C. §1658), (c) received calls using an artificial or recorded voice (d) placed by

AlarmIllinois or AlarmIndiana (e) on behalf of Monitronics International, Inc., (f) with respect

to whom defendants cannot provide evidence of express consent or an established business

relationship prior to the call.

31. The class is so numerous that joinder of all members is impractical. Plaintiff

alleges on information and belief that there are more than 40 members of the class.

32. There are questions of law and fact common to the class that predominate over

any questions affecting only individual class members. The predominant common questions

include:

    a. Whether defendants engaged in a pattern of making or causing to be made telemarketing calls using a recorded or artificial voice;

    b. The manner in which defendants compiled or obtained their list of

telephone numbers;

c.    Whether defendants obtained the consent of the called parties;

d.    Whether defendants thereby violated the TCPA;

33.    Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

34.    Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

35.    A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

36.    Several courts have certified class actions under the TCPA: *Meyer v. Portfolio Recovery Associates, LLC,* 707 F.3d 1036 (9th Cir. 2012); *Manno v. Healthcare Revenue Recovery Group, LLC,* 289 F.R.D. 674 (S.D.Fla. 2013); *Mitchem v Illinois Collection Serv.,* 271 F.R.D. 617 (N.D.Ill. 2011); *Balbarin v. North Star Capital Acquisition, LLC,*, 10 C 1846, 2011 U.S. Dist. LEXIS 686 (N.D. Ill., Jan. 5, 2011), later opinion, 2011 U.S. Dist. LEXIS 5763 (N.D.Ill., Jan. 21, 2011), later opinion, 2011 U.S. Dist. LEXIS 58761 (N.D. Ill., June 1, 2011); *Lo v. Oxnard European Motors, LLC,* 11CV1009 JLS (MDD), 2012 U.S. Dist. LEXIS 73983 (S.D.Cal., May 29, 2012); *Sadowski v. Med1 Online, LLC,* 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *CE Design Ltd. v Cy's Crabhouse North, Inc.,* 259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Sys. v Preferred Chiropractic Ctr., Ltd.,* 679 F. Supp. 2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Lab, Inc.,* 10 C 1315, 2010 U.S. Dist. LEXIS 108339, 2010 WL 4074379 (N.D.Ill., Oct. 12, 2010); *Hinman v. M & M Rental Ctr.,* 545 F.Supp. 2d 802 (N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC,* 08 C 3276, 2010 U.S. Dist. LEXIS 72902 (N.D.

Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communs., Inc.*, 08 C 4521, 2010 U.S. Dist. LEXIS 17843 (N.D. Ill. Feb. 25, 2010); *Holtzman v. Turza*, 08 C 2014, 2009 U.S. Dist. LEXIS 95620 (N.D.Ill., Oct. 14, 2009); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1st Cir. 2008); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Ok. App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.*, 293 Kan. 285; 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns. Inc.,* 306 S.W.3d 577 (Mo. App. 2010); *Travel 100 Group, Inc. v. Empire Cooler Service, Inc.,* 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); *Rawson v. C.P. Partners LLC*, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); *Nicholson v. Hooters of Augusta, Inc.*, 245 Ga.App. 363, 537 S.E.2d 468 (2000).

37.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

a.      Statutory damages;

b.      An injunction against the further transmission of unsolicited fax advertising;

c.      Costs of suit;

d.      Such other or further relief as the Court deems just and proper.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner

6

Francis R. Greene

EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## **VERIFICATION**

The undersigned declares under penalty of perjury, as provided for by 28 U.S.C. § 1746, that the facts stated in the foregoing complaint are true to the best of his knowledge and belief.

Merrill Primack

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.


s/Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)